FURNISH v. WALLACE.

(Court of Civil Appeals of Texas. San Antonio. May 21, 1913.)

1. MALICIOUS PROSECUTION (§ 10*) — CIVIL SUIT—RIGHT OF ACTION.

It is not wrongful to seek, in good faith, to establish title by judicial proceedings, though such suit to establish title fails and such effort cannot be made the basis of a tort action.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 11, 12; Dec. Dig. § 10.*]

2. MALICIOUS PROSECUTION (§ 16*) — ELEMENTS.

To make a civil suit wrongful, it must, in addition to being unfounded, be brought maliciously and without probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 19–22, 59; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 5, pp. 4309, 4310.]

3. MALICIOUS PROSECUTION (§ 12*) — RIGHT OF ACTION.

After the Commissioner of the General Land Office had forfeited state land awarded to defendant, on June 29, 1908, defendant filed in good faith an affidavit contesting the cancellation of the award, which affidavit was filed in the General Land Office on July 3, 1908, and on July 27th plaintiff applied to purchase the same land. Plaintiff knew when he filed his application that defendant had filed his affidavit to have the cancellation reinstated, and was advised by the Land Commissioner that his application would be held up until defendant's contest was settled. After plaintiff had filed his application, the Attorney General brought a suit in trespass to try a title against defendant to recover the land, which suit was finally dismissed without defendant disclaiming. *Held*, that defendant's affidavit could not be made the basis of a suit by plaintiff for damages consisting of the value of the rent for the time between the filing of plaintiff's application and its award, on the ground that the land was withheld from him because of the filing of defendant's affidavit.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 5; Dec. Dig. § 12.*]

4. MALICIOUS PROSECUTION (§ 24*)—ACTION—BAD FAITH—EVIDENCE.

The fact that defendant was unsuccessful in a suit by him against plaintiff to recover land was not proof that his claim was asserted in bad faith so as to make him liable in a subsequent action for damages for bringing the action.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 49–55; Dec. Dig. § 24.*]

Appeal from Kinney County Court; R. Stratton, Special Judge.

Action by J. H. Wallace against D. K. Furnish. From a judgment for plaintiff, defendant appeals. Reversed, and venue ordered changed.

Searcy & Browne, of San Antonio, for appellant.

MOURSUND, J. On February 15, 1906, D. K. Furnish, appellant, applied to John J. Terrell, Commissioner of the General Land Office, to purchase, as additional land to his private land, section 8, certificate 2/274, grantee, J. Poitevent, 640 acres, in Kinney county, Tex. This application was filed in the General Land Office on February 20, 1906, and said section of land was awarded to D. K. Furnish by the Land Commissioner March 17, 1906. Afterwards, on June 18, 1908, the Commissioner of the General Land Office forfeited said land. On June 29, 1908, D. K. Furnish executed an affidavit, contesting and disputing the canceling of said award by the Land Commissioner, which affidavit was filed in the General Land Office on the 3d of July, 1908. This instrument was subscribed and sworn to before the county clerk of Kinney county. On July 27, 1908, appellee, J. H. Wallace, applied to purchase section 8, certificate 2/274, J. Poitevent, 640 acres, as a home tract and section 2, certificate 2/273, J. Poitevent, 640 acres, as additional to said home tract applied for; said sections being in Kinney county, Tex., which application was filed in the Land Office July 29, 1908. Thereafter, on April 12, 1910, the two sections of land were awarded to J. H. Wallace as applied for. At the time Wallace filed his application to purchase section No. 8 as a home tract and section No. 2 as additional thereto, he knew that D. K. Furnish, appellant, had filed an affidavit in the Land Office, seeking to have the Land Commissioner reinstate his canceled files, and he (Wallace) was advised by the Land Commissioner that his application would be held up until the controversy then pending with D. K. Furnish was settled, and that the Attorney General would in a short time file suit against D. K. Furnish in trespass to try title to recover said section 8 in the district court of Travis county, Tex. At the time J. H. Wallace applied to purchase the land he did not know D. K. Furnish, and to his knowledge had never seen him up to the time of the trial of this cause in the county court of Kinney county, Tex. Shortly after Wallace filed his application to purchase section 8 as his home tract and section 2 as additional thereto in the Land Office, the Attorney General of the state of Texas brought suit in trespass to try title in the district court of Travis county, Tex., against D. K. Furnish to recover section 8. Said suit remained on the docket of the district court of Travis county for several terms and was finally dismissed by the Attorney General. At the time the suit was dismissed the Attorney General advised the Commissioner of the General Land Office to award section 8 to Wallace under his application theretofore filed in the Land Office, and that if Furnish was not satisfied he could bring suit in trespass to try title for said land in Kinney county, Tex. The Commissioner of the General Land Office, acting on said letter from the Attorney General, awarded section 8 to Wallace as a home tract and section 2 as additional thereto; said award being dated April 12, 1910. D. K. Furnish then filed

suit in the district court of Kinney county, Tex., against J. H. Wallace, in trespass to try title to recover section 8, and upon the trial of said cause in 1911 judgment was rendered for the defendant, J. H. Wallace. Section 2, certificate 2/273, J. Poitevent, 640 acres, never belonged to D. K. Furnish, but was originally awarded to one Juan Hernandez as an actual settler and as his home tract. On June 18, 1908, said sale to said Hernandez of section No. 2 was canceled and the section was reappraised and placed back on the market, and the county clerk of Kinney county, Tex., notified of that fact, and Juan Hernandez by regular quitclaim deed reconveyed section 2 to the state and said section was regularly placed on the market for sale to actual settlers on July 29, 1908. J. H. Wallace brought suit to recover damages for rent on section 2 for the reason that he applied to purchase said section 8 as his home tract and section 2 as additional thereto, and, as section 2 was held up by the Land Commissioner for the reason that the Land Office was then engaged in a controversy with D. K. Furnish as to section 8, the Commissioner would not award section 8 to said Wallace as his home tract and would not award him section 2 as additional to section 8, applied for as his home tract. The damages sought to be recovered amount to $163.72, being the rental value of section No. 2 for one year, 8 months, and 14 days, the time intervening between the date of filing of Wallace's application and the date of the award to him of the land. It was alleged that the affidavit so filed by Furnish in contesting the cancellation of his award was made in Kinney county, Tex., and that same was false, fraudulent, and tortious, and was voluntarily, willfully, knowingly, and tortiously made by Furnish, and that, with said affidavit as a base and foundation for his subsequent acts and conduct, the defendant, in Kinney county and in Bexar county, orally and in writing claimed to be the owner of said section 8 up to October 31, 1911, notwithstanding the cancellation of his award thereto; that such tortious and fraudulent claim and tortious, fraudulent, and trespassing acts of defendant caused a suspension of the award to plaintiff of section 2 from July 29, 1908, to April 12, 1910.

Furnish filed a plea of privilege to be sued in Bexar county. Judgment was entered overruling such plea and awarding plaintiff the amount sued for by him. Appeal being perfected to the county court of Kinney county, a trial before the court resulted in the overruling of the plea of privilege and the award to plaintiff of the same judgment as was rendered in the justice's court. The overruling of the plea of privilege is assigned as error. It was agreed by the parties upon the trial that such plea should be sustained unless plaintiff's cause of action can be classed as coming under subdivision No. 6 of article 1585, or subdivision 7 or 9 of article

1194, Revised Civil Statutes of 1895. The trial court concluded that the case was one falling within the provisions of subdivision 6 of article 1585, Revised Statutes of 1895, which reads as follows: "Suits for damages for torts may be brought in the county and precinct in which the injury was inflicted." We are not aided by any brief in behalf of appellee, but have carefully considered the conclusions of law filed by the trial court wherein he announces that the making and filing of the affidavit constituted a tort against Wallace, and that every act done by Furnish after Wallace filed his application to purchase the two sections of land, which hindered, delayed, or prevented Wallace from receiving his awards to said sections, would renew and revive every allegation set forth in Furnish's affidavit to reinstate, and would be a tort against section 2 because the Commissioner of the General Land Office would not pass upon the application to purchase section 2 pending the litigation as to section 8.

The court failed to state what subsequent acts by Furnish were considered of a wrongful nature and sufficient to constitute a renewal of the allegations of the affidavit. While the pleadings in the state suit are not in evidence, we may infer that Furnish did not disclaim. The suit filed by Furnish was instituted after section 2 had been awarded to Wallace and did not affect such award, so that the filing of such suit cannot be considered a revival of any allegations in the affidavit of which complaint could be made with respect to section No. 2. It does not appear that Furnish ever had any notice of Wallace's application to purchase section 2, and, as he made no claim to such section, we do not see how he could be charged with notice of the filing of said application. It does not appear that any right of Wallace's was invaded by the filing of the affidavit, as he had absolutely no interest in the matter at that time, so the inquiry arises whether it became the duty of Furnish to withdraw his contest of the cancellation of his award to section 8 upon the filing of Wallace's application or to disclaim in the state suit because Wallace had filed such application.

[1] It has never been the policy of the law to prevent a man from making claims to property in good faith and instituting suits wherein such claims are asserted, and, though the suit may prove not maintainable, no right of action exists in tort against the person instituting such suit. Haldeman v. Chambers, 19 Tex. 55. It is never wrongful for one to assert a title in himself to property or to seek to establish it by judicial proceedings, provided this is done in good faith. Cooley on Torts, vol. 1, p. 460. In the case of King v. D. Sullivan & Co., 92 S. W. 52, this court held: "It seems to be the well-established rule in this state, as well as in

a good many other jurisdictions, that no damages can be recovered of any character against any person for filing a civil suit and prosecuting it against another to judgment upon a claim, real or unfounded, unless one's property or person is wrongfully seized, or in some manner injuriously affected, by process issued therein." In the case of Salado College v. Davis, 47 Tex. 136, the court said:

"This was an ordinary civil suit, in which no extraordinary process was sued out, and, if the indirect effect of the suit was to interfere with the sale of the property which was to some extent the subject-matter of litigation, this is not such an injury as the law regards or makes actionable."

[2] In addition to a suit being unfounded, malice and want of probable cause must be established to make out a case.

[3] The case now being considered is without precedent, but it is founded upon an effort upon the part of Furnish to procure his title to school land reinstated, and upon his assertion of a claim to such land, and the foregoing rules relating to claims of title, within or without the courts, we think can with propriety be applied in this case.

Under our statute the Commissioner of the General Land Office, upon ex parte proof satisfactory to himself, may cancel an award. He canceled the award to Furnish of section 8, and the latter filed a protest under oath, setting up the facts upon which he relied to controvert the information which had been communicated to the Commissioner of the General Land Office. The land had not been awarded to any one else at the time, and before Wallace applied he was informed of the filing of such affidavit. He was also informed that the land would not be awarded to him until suit had been brought by the Attorney General in behalf of the state against Furnish, and the legality of the latter's claim determined. Furnish, in filing such affidavit, resorted to the only practicable means of contesting the information upon which his title had been canceled, and we think that he should be protected (equally with a person bringing a civil suit) against an action for damages by reason of filing such affidavit. It is clear that his failure to disclaim in the state suit cannot be made the basis for any damage suit. However, even if an affidavit filed in the General Land Office in contest of a cancellation of an award could be made the basis for a suit for damages, the evidence in this case is wholly insufficient to show the commission of any tort for the reason that there is no evidence that the claim made by Furnish was made in bad faith, nor any evidence that any statement made in the affidavit was false.

[4] The mere fact that Furnish lost in the suit for the land against Wallace furnishes no proof that his claim was asserted in bad faith, nor does the introduction in evidence of the judgment in said case constitute any proof that false statements were made in the affidavit. In fact, Wallace has failed to point out by his pleadings the allegations of the affidavit which he contends are false, and there is no evidence that any were false, nor did the court find that any were false, but based his decision upon the broad ground that making and filing such affidavit, and asserting a claim to the land which in his suit against Wallace was adjudged to be unfounded, constituted a tort. It is equally clear that no trespass was committed, nor any fraud, and that the suit is not maintainable in Kinney county under subdivisions 7 or 9 of article 1194, Statutes of 1895.

The plea of privilege should have been sustained. The judgment is therefore reversed, and the plea sustained, and, this court proceeding to enter the order which should have been made, the venue is changed to justice's court of precinct No. 1 of Bexar county, Tex., and the clerk of the county court of Kinney county is ordered to make up a transcript of all orders made in the cause and certify officially to the same under the seal of the county court of Kinney county and transmit the same, together with the original papers of the cause, to the justice of the peace of precinct No. 1 of Bexar county, Tex., with the mandate of this court.

Reversed, and venue changed.